IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

PROVIDENT LIFE AND ACCIDENT    )
INSURANCE COMPANY,             )
                               )
        Plaintiff,             )
                               )
            v.                 )    1:06cv792
                               )
KEVIN M. CLARKE,               )
                               )
        Defendant.             )

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant Kevin M.
Clarke's ("Defendant") Motion for Relief from Judgment, [Dkt.
61], Motion for Mandatory Sanctions under FRCP 11, [Dkt. 60],
Motions for Issuance of Subpoenas, [Dkts. 62, 71, 72], and
Motion in Limine, [Dkt. 64].  After a nearly six-year hiatus,
Defendant has filed these motions seeking to reopen and
relitigate his case.  As explained below, Defendant is pursuing
relief that this Court has already rejected, and the instant
filings provide no valid grounds to revisit the matter.
Accordingly, the Court will deny Defendant's motions.

### I. Background

This case arises out of a claim that Defendant
perpetrated insurance fraud against Plaintiff Provident Life and
Accident Insurance Company ("Provident").  (Mem. Op. [Dkt. 43]

at 1.)  On July 11, 1997, Defendant met with an insurance agent
and completed an application for disability insurance.  (*Id.*)
In his application, Defendant denied having any preexisting
conditions and reported that his last exam was normal.  (Pl.'s
Opp'n [Dkt. 63] Ex. 2.)  Defendant also denied having had,
within five years of the application date, any medical or
physical disorder not listed on the application.  (*Id.*)
Provident issued a disability insurance policy (the "Policy") to
Defendant effective September 16, 1997.  (Mem. Op. at 2.)

On or about July 24, 2001, Defendant submitted a claim
for long term disability payments under the Policy, listing
multiple sclerosis ("MS") as the cause.  (Mem. Op. at 2.)
Provident began paying disability benefits in September 2001,
and simultaneously launched an investigation into Defendant's
claim.  (*Id.*)  Provident caught a break in the investigation
when Defendant's ex-wife came forward with information that
Defendant had been diagnosed with MS prior to 1997.  (Pl.'s
Opp'n at 3.)  Provident subsequently discovered medical records
where Defendant complained of difficulty swallowing, episodic
numbness and tingling on the right side of his body, tinnitus,
spots in his vision, vertigo, migraine headaches, and numbness
in his chest.  (*Id.* at 4.)  Defendant's application made no
mention of these symptoms.  Provident rescinded the Policy and
tendered a return of the premium check to Defendant, which he

2

refused to cash. (Mem. Op. at 2.) On August 4, 2006, Provident instituted this action seeking rescission of the Policy and restitution for the benefits paid, which totaled approximately $186,000.

A settlement conference was held before Magistrate Judge Barry R. Poretz on August 28, 2007. During the conference, the parties agreed on terms of a settlement, which were memorialized in writing. (Mem. Op. at 2.) The agreement provided for a mutual release of all claims, rescission of the Policy, and an acknowledgment that Defendant would receive no further payments. (*Id.*) In consideration, Provident agreed to forgive the money already given to Defendant and to pay him $10,000. (*Id.* at 3.)

On September 7, 2007, Defendant faxed a letter to Provident's attorney stating that he "decided . . . to reject the offer you made on August 28, 2007, and I accepted at the settlement conference." (Mem. Op. at 3.) Provident responded with a reminder that the agreement was binding and a request that Defendant sign an enclosed dismissal order and accept the check that would follow. (*Id.*) After receiving no further communication from Defendant, Provident filed a Motion to Enter Dismissal Order and for Enforcement of Settlement Agreement. (*Id.*) In response, Defendant sent a letter to the Court asking it to nullify the agreement on the ground that his disability

had caused him to experience a high degree of anxiety during the settlement conference. (*Id.*)

A hearing was held on November 2, 2007, at which the Court found that a settlement agreement had been reached. The Court entered an Order granting Provident's motion and denying Defendant's request to nullify the agreement. (Mem. Op. at 4.) At the conclusion of the hearing, Defendant accepted the settlement check. (*Id.*)

On December 19, 2007, Defendant filed a Motion to Alter or Amend Judgment and a Motion for Extension of Time to File Notice of Appeal. (Mem. Op. at 4.) The Court denied Defendant's Motion to Alter of Amend Judgment as untimely, and similarly denied Defendant's request to extend his time to file an appeal. (*Id.* at 4-8.) Petitioner, nevertheless, filed an appeal, which the Fourth Circuit denied per curiam on June 30, 2008. *See Provident Life & Acc. Ins. Co. v. Clarke,* 284 F. App'x 54 (4th Cir. 2008).

This case lay dormant until Defendant filed the above mentioned motions in May 2014. As best the Court can discern, Defendant is claiming that the Court should repeal the settlement agreement and impose sanctions because Provident fabricated a pre-existing condition claim against him and used this false information to file the instant lawsuit. (Mot. for Relief from J. at 1, 6-10.) Defendant maintains that the

4

initial complaint in this matter is filled with "fraudulent information" lacking any evidentiary support. (*Id.* at 7.) According to Defendant, Provident relied on unsubstantiated testimony from his ex-wife and ignored medical evidence that he did not have MS prior to 1998. (*Id.* at 7-8.)  Although this case has been closed for nearly six years, Defendant also asks the Court to issue subpoenas for his treating physician, Dr. Carlo Tornatore, his former supervisor, Raymond Price, and Provident's counsel, Edward Starr.  (Mot. for Subpoenas at 1-2.)

Having been fully briefed, Defendant's motions are now before the Court.

## II. Analysis

### A. Motion for Relief from Judgment

The Court will first address Defendant's request to vacate the judgment since the Court's disposition of this issue could impact the other pending motions.

Defendant's motion fails to specify which of the Federal Rules of Civil Procedure supports his instant request. (*See* Mot. for Relief from J. at 1.)  The Fourth Circuit, however, has consistently held that a motion challenging a prior judgment should be treated as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b).  *See In re Burnley,* 988 F.2d 1, at 2-3 (4th Cir. 1992).  The proper denomination is determined by the time

within which the motion is served.  If the motion is served within twenty-eight days of the judgment, it falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).  *See Kalos v. Law Offices of Eugene A. Seidel, P.A.,* No. 1:09cv833, 2009 WL 4683551, at *2-3 (E.D. Va. Dec. 9, 2009). Because Defendant's motion was filed more than five years after the challenged judgment, it will be construed under Rule 60. *Id.*

Rule 60(b) gives federal district courts the power to "vacate judgments" in certain restricted circumstances.  *See Klapprott v. United States,* 335 U.S. 601, 609-14 (1949).  To obtain relief under this rule, the moving party must first satisfy a four-part threshold test.  The movant must demonstrate (1) timeliness; (2) a lack of unfair prejudice to the opposing party; (3) a meritorious defense; and (4) exceptional circumstances.  *See Dowell v. State Farm Fire & Cas. Auto. Ins. Co.,* 993 F.2d 46, 48 (4th Cir. 1993) (citation omitted).  Once the moving party has made this threshold showing, he must then satisfy one of the six grounds of relief enumerated in Rule 60(b).  *Id.*  These grounds are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

> misconduct by an opposing party; (4) the
> judgment is void; (5) the judgment has been
> satisfied, released or discharged; it is
> based on an earlier judgment that has been
> reversed or vacated; or applying it
> prospectively is no longer equitable; or (6)
> any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In determining whether to exercise its

power under Rule 60(b), a district court must engage in a

delicate balancing of the "sanctity of final judgments,

expressed in the doctrine of res judicata, and the incessant

command of the court's conscience that justice be done in light

of ALL the facts." *Compton v. Alton S.S. Co.,* 608 F.2d 96, 102

(4th Cir. 1979).

The Fourth Circuit has stated that "[d]istrict courts

must rigorously examine the[ ] four predicate requirements" for

relief under Rule 60(b) because such relief is an "extraordinary

[remedy] to be used only in exceptional circumstances." *Coomer*

*v. Coomer,* No. 98-2236, 2000 WL 1005211, at *4 (4th Cir. July

20, 2000) (citation and internal quotation marks omitted). The

Fourth Circuit has described this threshold test as "onerous"

and noted that litigants are "unlikely" to succeed. *Id.* As

explained below, Defendant cannot clear this initial hurdle.

First, Defendant has failed to show that his motion is

timely. As noted above, Defendant claims that Provident

committed fraud and misled the Court by fabricating his

preexisting condition. (*See* Mot. for Relief from J. at 1, 6-

7

10.)  Motions filed under Rule 60(b)(3) claiming "fraud . . .
misrepresentation, or misconduct by an opposing party" must be
filed "no more than a year after the entry of the judgment."
Fed. R. Civ. P. 60(b), (c).  Defendant did not file the instant
motion until May 7, 2014, which is more than five years after
the final judgment.  Consequently, Defendant does not have a
viable claim under Rule 60(b)(3).  *See Conway v. Takoma Park
Volunteer Fire Dep't, Inc.,* Nos. Civ.A. DKC 86-1611, Civ.A. DKC
88-65, 2001 WL 194081, at *2-3 (D. Md. Feb. 26, 2001) (denying
defendant's motion under Rule 60(b) because it was filed outside
the mandatory one year-time limit).

Even under the more lenient "reasonable time" standard
applicable to the remaining sections of Rule 60(b), Defendant's
motion still fails.  *See* Fed. R. Civ. P. 60(c) ("A motion under
Rule 60(b) must be made within a reasonable time--and for
reasons (1), (2), and (3) no more than a year after the entry of
the judgment or order or the date of the proceeding.").
"[R]easonableness . . . is generally determined from the time
movant discovered or reasonably should have discovered grounds
for the Rule 60(b) motion." *Jones v. City of Richmond,* 106
F.R.D. 485, 487 n.2 (E.D. Va. 1985).  Where, as is the case
here, a movant relies on fraud and the facts giving rise to such
a claim were present when the judgment was entered, a delay of
several years is presumptively unreasonable.  Moreover,

8

Defendant offers no explanation for his tardiness.  As the
Fourth Circuit has held on several occasions, "a Rule 60(b)
motion is not timely brought when it is made [only] three to
four months after the original judgment and no valid reason is
given for the delay." *McLawhorn v. John W. Daniel & Co., Inc.*,
924 F.2d 535, 538 (4th Cir. 1991); *see also Cent. Operating Co.
v. Util. Workers of Am., AFL–CIO,* 491 F.2d 245 (4th Cir. 1974)
(affirming denial of Rule 60(b) motion filed four months after
judgment because the defendant failed to provide a satisfactory
explanation for the delay).

Defendant has also failed to allege a meritorious
claim or defense to this action.  Although a moving party is not
required to establish a meritorious defense by a preponderance
of the evidence, *see Cent. Operating,* 491 F.2d at 253 n.8, it
must nevertheless make a proffer of evidence that would permit a
finding in its favor.  *See Augusta Fiberglass Coatings, Inc. v.
Fodor Contracting Corp.,* 843 F.2d 808, 812 (4th Cir. 1988) ("The
underlying concern is whether there is some possibility that the
outcome after a full trial will be contrary to the result
achieved[.]").  This case involves an effort to overturn a
settlement agreement turned final judgment.  In this context, it
is not enough for the movant to proffer evidence related to the
underlying litigation; instead, he or she must address the
validity of the settlement agreement itself.  *See Conway,* 2001

WL 194081, at *3-4.  Here, Defendant's allegations of impropriety concern Provident's decision to cancel his policy and file the instant litigation.  Nowhere does Defendant contest the settlement agreement as required.  Consequently, the Court finds that Defendant has failed to assert a meritorious defense. *See id.* at *3-5.

Finally, Defendant does not address the prejudice Provident would likely suffer if the Court were to accord relief from the judgment in this case.  *See Dowell,* 993 F.2d at 48 (stating that the movant must show "a lack of unfair prejudice to the opposing party").  The original complaint was filed in 2006, and the case was settled over five years ago.  Provident would plainly encounter trouble presenting its case if the Court were to reopen this matter for further proceedings.  *See Conway,* 2001 WL 194081, at *5.

Since Defendant has failed to meet the mandatory threshold requirements set forth above, the Court will deny his motion for relief under Rule 60(b).[1]

---

[1]  The Court has also reviewed Defendant's substantive grounds for relief and concluded that none of them have merit.  For example, Defendant claims that Provident's inability to locate a doctor who diagnosed him with MS prior to the execution of the policy proves that Provident fabricated its pre-existing condition claim.  (*See* Mot. for Relief from J. at 6.)  This argument is unpersuasive.  Provident was entitled to prevail in this action provided it could show that Defendant intentionally falsified his application in any respect.  (Pl.'s Opp'n at 10.)  The evidence unmistakably supports this conclusion.  Indeed, Provident was able to locate medical records reporting that Defendant experienced blood in his urine a mere week before he signed the agreement stating that he had no pre-existing ailments of any significance.  (*See id.* at 4.)

**B. Motion for Sanctions**

Defendant next claims that the Court should sanction Provident for falsely accusing him of insurance fraud. (Mot. for Sanctions at 1.) According to Defendant, Provident lacked evidence to sustain its allegations, and thus it had a duty to withdraw the complaint. (*Id.* at 2.) Defendant specifically takes issue with (1) Provident's admission that is does not have a medical diagnosis of his MS from the 1980s, and (2) Provident's relying on information acquired from his ex-wife. (*Id.* at 1.)

Federal Rule of Civil Procedure 11(b) provides that a movant is entitled to sanctions in the event an opposing party files a pleading or motion that is:

> (1) "presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation,"

> (2) not "warranted by existing law or a by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," or

> (3) lacking in "evidentiary support" and "[un]likely to have evidentiary support after reasonable opportunity for further investigation or discovery."

Fed. R. Civ. P. 11(b)(1)-(3). The "proper inquiry in ruling on Rule 11 motions is whether a reasonable attorney in like circumstances would believe his actions to be factually and

11

legally justified.  If the actions of an attorney or a party fail to meet this standard, an award of sanctions is mandatory under the rule." *Artco Corp. v. Lynnhaven Dry Storage Marina, Inc.,* 898 F.2d 953, 956 (4th Cir. 1990) (citations and internal quotation marks omitted).  "When the court is considering sanctions on a factual claim, 'the initial focus of the district court should be on whether an objectively reasonable evidentiary basis for the claim was demonstrated in pretrial proceedings or at trial.'"  *Edmonds v. Gilmore,* 988 F. Supp. 948, 957 (E.D. Va. 1997) (citation omitted).  Sanctions are inapplicable where there is "some information to support the allegations in the complaint."  *Id.* at 956.

Having reviewed the record, the Court will deny Defendant's motion.  First, Defendant's issue with Provident using his ex-wife's statements arises from his refusal to recognize that her statements consistently corroborated and supported Provident's claims.  Defendant ignores the objectively reasonable evidentiary value of her testimony.  Likewise, Defendant takes the untenable position that the absence of a "smoking gun" MS diagnosis renders Provident's claims and defenses fraudulent.  Such an argument is inconsistent with the Rule 11 standard.  Defendant's ex-wife provided declarative statements that he did in fact have MS prior to signing the insurance application, and to the extent it was able to do so,

12

Provident corroborated this evidence through medical records showing Defendant's undisclosed symptoms. (*See* Pl.'s Opp'n at 10-11 (discussing the evidence found in Defendant's medical records).) Provident had every right under Rule 11 to rely on this evidence and allege it as fact. *See Davis v. Hudgins,* 896 F. Supp. 561, 573 (E.D. Va. 1995) ("For a complaint to be reasonable, [there need be only] some information to support the allegations in the complaint." (citation omitted)).

The record before the Court is replete with evidence that Defendant suffered from numerous, undisclosed MS symptoms throughout the pre-application period. (*See* Pl.'s Opp'n at 3-4, 7-13.) In light of these facts, Provident and its counsel had a good faith basis for its pleadings. Consequently, the Court will deny Defendant's request for sanctions. *See Hoover Universal, Inc. v. Brockway Imco, Inc.,* 809 F.2d 1039, 1044 (4th Cir. 1987) (denying a Rule 11 motion for sanctions although plaintiff "objectively [only had] a glimmer of a chance of prevailing").[2]

---

[2] Defendant's Motion in Limine repeats the arguments advanced in his Motion for Sanctions - *i.e.* Provident and its counsel have, by their pleadings and advocacy in this matter, violated Rule 11(b). Accordingly, Defendant's Motion in Limine will be denied for the same reasons set forth above. *See United States v. Hunter,* No. 1:01-cr-55, 2008 WL 163635, at *1 (D.N.D. Jan. 17, 2008) (denying defendant's motion that raised "essentially the same arguments" already addressed). There is no basis to conclude that Provident "filed this action for any improper purpose" or that "a competent attorney could not [have] form[ed] a reasonable belief that the pleading[s]" were well grounded in fact. *Edmonds,* 988 F. Supp. at 956.

13

## C. Motions for Issuance of Subpoenas

Finally, the Court will deny Defendant's Motions For Issuance of Subpoenas because this action is closed and, as discussed, Defendant has failed to allege any grounds to upset the judgment.  Thus, there is no need for Defendant to garner testimony from the identified individuals or attain additional evidence.  *See Hammond v. Bledsoe,* No. 3:CV-12-0242, 2012 WL 4050170, at *1 (M.D. Pa. Sept. 13, 2012) ("Decisions regarding whether to issue subpoenas to *pro se* litigants rest in the sound discretion of the court." (citation omitted)).

### III. Conclusion

For the reasons set forth above, the Court will deny Defendant's motions.[3]  An appropriate order will follow.

|  | /s/ |
| --- | --- |
| July 1, 2014 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |

---

[3]  Several days before the scheduled hearing in this matter, Defendant filed a Motion to Dismiss Complaint pursuant to Rule 12(b)(6).  [Dkt. 73.]  Given the Court's ruling that the final judgment in this matter will not be vacated, the Court will deny Defendant's Motion to Dismiss because such relief is simply not available at this stage of the proceedings.